UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| **DARYL SEAGRAVES** individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>**RANGE RESOURCES CORPORATION**<br><br>Defendant. | Docket No. _____<br><br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS AND COLLECTIVE ACTION PURSUANT TO 29 U.S.C § 216(b) AND FED. R. CIV. P. 23** |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### I.    SUMMARY

1. Daryl Seagraves ("Plaintiff" or "Seagraves") brings this lawsuit to recover unpaid overtime wages and other damages from Range Resources Corporation ("Defendant" or "Range Resources") for himself and all others similarly situated under the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.104.

2. Plaintiff and the other workers like him were typically scheduled for 12 hour shifts, seven days a week, for weeks at a time. But these workers never received overtime for hours worked in excess of 40 hours in a single workweek. Instead of paying overtime as required by the FLSA and PMWA, Defendant paid these workers a daily rate with no overtime pay and improperly classified them as independent contractors.

3. Plaintiff brings this class and collective action seeks to recover the unpaid overtime wages and other damages owed to these workers, including liquidated damages, attorneys' fees, and costs.

## II. JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this Action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

5. This Court also has federal jurisdiction over the state law class action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law subclasses pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

7. Defendant performs substantial amounts of business in this District and Division and maintains a corporate office in Canonsburg, Washington County, Pennsylvania.

8. Plaintiff and the Putative Class Members (further defined below) worked on behalf of Defendant in this District and Division.

## III. THE PARTIES

9. Plaintiff worked exclusively for Defendant for nearly a year as a Drilling Consultant during the relevant statutory time period, including in Pennsylvania. Throughout his employment with Defendant, Plaintiff was classified as an independent contractor. Plaintiff regularly worked more than 40 hours per week without receiving overtime pay as required by the FLSA and the PMWA. Instead, Defendant classified him as an independent contractor and paid him a day-rate. His consent to be a party plaintiff is attached herein as Exhibit A.

10. Plaintiff brings this Action on behalf of himself and all other similarly situated workers who worked for, or on behalf of Defendant, pursuant to the 29 U.S.C. § 216(b) (the "FLSA Class"). The FLSA Class of similarly situated workers that Defendant subjected to the same unlawful policy as Plaintiff is properly defined as follows:

> **ALL CURRENT AND FORMER OILFIELD WORKERS WHO WORKED FOR, OR ON BEHALF OF, RANGE RESOURCES CORPORATION IN THE PAST THREE YEARS WHO WERE CLASSIFIED AS INDEPENDENT CONTRACTORS AND PAID A DAY-RATE WITH NO OVERTIME COMPENSATION.**

11. Plaintiff also brings this Action on behalf of all similarly situated workers who worked for, or on behalf of, Defendant in Pennsylvania (the "Pennsylvania Class"). The Pennsylvania Class that was subjected to the same unlawful policy as Plaintiff is properly defined as:

> **ALL CURRENT AND FORMER OILFIELD WORKERS WHO WORKED FOR, OR ON BEHALF OF, RANGE RESOURCES CORPORATION IN PENNSYLVANIA IN THE PAST THREE YEARS WHO WERE CLASSIFIED AS INDEPENDENT CONTRACTORS AND PAID A DAY-RATE WITH NO OVERTIME COMPENSATION.**

12. The members of both the FLSA Class and the Pennsylvania Class are easily ascertainable from Defendant's business and personnel records.

13. Defendant **Range Resources Corporation** is a Delaware corporation doing business throughout the United States, including in Pennsylvania. Defendant maintains a corporate office in Canonsburg, Washington County, Pennsylvania. Defendant may be served with process by serving its registered agent for service of process, **David P. Poole, at 100 Throckmorton St., Suite 1200, Fort Worth, Texas 76102**, or wherever he may be found.

## IV.   FACTS

14. Defendant is "a leading U.S. independent oil and natural gas produced with operations focused in stacked-pay projects in the Appalachia Basin and Northern Louisiana." *See* http://www.rangeresources.com/company.

15. In this regard, Defendant boasts that it "has approximately 1 million net acres across Pennsylvania, most of which has stacked pay potential for the Marcellus, Utica and Upper Devonian shale formations" and that it has successfully drilled wells in Washington County, Pennsylvania. *See*

http://www.rangeresources.com/operations/marcellus-division.

16. In order to provide oil and natural gas services, Defendant contracts with companies to provide it with employees to perform necessary oilfield work.

17. Many of these individuals who worked for Defendant on a day-rate basis (including in Pennsylvania), were misclassified as independent contractors, and make up the proposed FLSA and Pennsylvania Classes. While exact job titles and job duties may differ, these workers are subjected to the same or similar illegal pay practices for similar work. Specifically, Defendant classified all of these workers as independent contractors and paid them a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek, in violation of both the FLSA and PMWA.

18. For example, Plaintiff worked exclusively for Defendant as a Drilling Consultant for nearly a year during the relevant time period. Throughout his employment with Defendant, he was classified as an independent contractor and paid on a ray-rate basis. Plaintiff was never paid on a salary basis and never received any weekly guaranteed amount irrespective of the day-rate he received for the days he actually worked. Plaintiff worked well in excess of 40 hours each week while employed by Defendant, often for weeks at time.

19. As a Drilling Consultant, Plaintiff's primary job duties (and the job duties of all other Drilling Consultants employed by Defendant who were classified as independent contractors and paid a day-rate) included coordinating third-party contractors, overseeing work performed on location in accordance with Defendant's policies and procedures, maintaining necessary paperwork and reports required by Defendant, and reporting to Defendant on the progress of the jobsite.

20. The work Plaintiff performed was an essential part of Defendant's core business.

21. During Plaintiff's employment with Defendant while he was classified as an

independent contractor, Defendant exercised control over all aspects of his job. Defendant did not require any substantial investment by Plaintiff in order for him to perform the work required of him. Defendant determined Plaintiff's opportunity for profit and loss. Plaintiff was not required to possess any unique or specialized skillset (other than that maintained by all other workers in his respective position) to perform his job duties. Plaintiff worked exclusively for Defendant as an independent contractor for nearly a year during the relevant time period.

22. Indeed, Defendant controlled all of the significant or meaningful aspects of the job duties performed by Plaintiff.

23. Defendant ordered the hours and locations Plaintiff worked, tools used, and rates of pay received.

24. Even though Plaintiff often worked away from Defendant's offices without the presence of a direct supervisor employed by Defendant, Defendant still controlled all aspects of Plaintiff's job activities by enforcing mandatory compliance with Defendant's policies and procedures.

25. No real investment was required of Plaintiff to perform his job. More often than not, Plaintiff utilized equipment provided by Defendant to perform his job duties. Plaintiff did not provide the equipment he worked with on a daily basis. Defendant or its clients made the large capital investments in buildings, machines, equipment, tools, and supplied in the business in which Plaintiff worked.

26. Plaintiff did not incur operating expenses like rent, payroll, marketing, and insurance.

27. Plaintiff was economically dependent on Defendant during his employment.

28. Defendant set Plaintiff's rates of pay, his work schedule, and prohibited him from working other jobs for other companies while he was working on jobs for Defendant.

29. Defendant directly determined Plaintiff's opportunity for profit and loss. Plaintiff's

earning opportunity was based on the number of days Defendant scheduled him to work and the amount he was paid was "take it or leave it."

30. Very little skill, training, or initiative was required of Plaintiff to perform his job duties.

31. Plaintiff's daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Defendant. Virtually every job function was predetermined by Defendant, including the tools to use at a job site, the schedule of work, and related work duties. Plaintiff was prohibited from varying his job duties outside of the predetermined parameters. Moreover, Plaintiff's job functions were primarily technical and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree. Plaintiff did not have any true supervisory or management duties. Finally, for the purposes of an FLSA and PMWA overtime claim, the members of the FLSA and Pennsylvania Classes performed substantially similar job duties related to servicing oil and gas operations in the field.

32. Plaintiff performed routine manual and technical labor duties that were largely dictated by Defendant.

33. Plaintiff worked for Defendant for nearly a year as an independent contractor during the relevant time period. Plaintiff was not employed by Defendant on a project-by-project basis. In fact, while Plaintiff was classified as an independent contractor, he was regularly on call for Defendant and was expected to drop everything and work whenever needed.

34. All members of both the FLSA and Pennsylvania Classes perform the same or similar job duties and are subjected to the same or similar policies and procedures, which dictate the day-to-day activities performed by each person.

35. The members of the FLSA and Pennsylvania Classes also worked similar hours and

were denied overtime as a result of the same illegal pay practice. The members of the FLSA and Pennsylvania Classes all worked in excess of 40 hours each week and were often scheduled for 12 hour shifts for weeks at a time. Instead of paying them overtime, Defendant paid the members of the FLSA and Pennsylvania Classes a day-rate and misclassified them as independent contractors. Defendant denied the members of the FLSA and Pennsylvania Classes overtime for any and all hours worked in excess of 40 hours in a single workweek.

36. Defendant did not pay the members of FLSA and Pennsylvania Classes on a salary basis. Defendant never guaranteed the members of the FLSA and Pennsylvania Classes any predetermined weekly amount irrespective of the day-rates they received for the days that they actually worked. If members of the FLSA and Pennsylvania Classes performed no work during a given workweek, Defendant did not pay them any amount for that workweek.

37. Defendant's policy of failing to pay its independent contractors, including Plaintiff, overtime violates the FLSA and PMWA because these workers are, for all purposes, employees performing non-exempt job duties.

38. It is undisputed that the contractors are maintaining and working with oilfield machinery, performing manual labor, and working long hours out in the field.

39. Because Plaintiff (and Defendant's other independent contractors) was misclassified as an independent contractor by Defendant, he should receive overtime for all hours that he worked in excess of 40 hours in each workweek.

40. All of these employees do not receive overtime, despite working well in excess of 40 hours in a single work week.

41. Further, these individuals makeup the proposed FLSA and Pennsylvania Classes. While exact job titles may differ, these workers are subjected to the same or similar illegal pay practices for similar work.

42. Defendant denied Plaintiff overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff was misclassified as an independent contractor and regularly worked in excess of 40 hours a week, but never received overtime compensation.

43. Defendant's day-rate system violates the FLSA and the PMWA because Plaintiff and those similarly situated did not receive any overtime pay for hours worked over 40 hours each week.

## V.   COVERAGE UNDER THE FLSA

44. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

45. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

46. At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

47. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

48. As will be shown through this litigation, Defendant treated Plaintiff (and indeed all of its workers that it classified as independent contractors and paid a daily rate to without overtime compensation) as employees and uniformly dictated the pay practices Plaintiff and its other workers (including its so-called "independent contractors") were subjected to.

49. Defendant's uniform misclassification of Plaintiff and the FLSA Class as independent contractors does not alter their status as employers for purposes of this FLSA collective action.

## VI. FLSA VIOLATIONS

50. As set forth herein, Defendant has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

51. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the FLSA Class overtime compensation. Defendant's failure to pay overtime compensation to these workers was neither reasonable, nor was the decision not to pay overtime made in good faith.

52. Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VII. PMWA VIOLATIONS

53. Plaintiff brings this claim under the PMWA as a Rule 23 class action.

54. The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

55. At all relevant times, Defendant was subject to the requirements of the PMWA.

56. At all relevant times, Defendant employed Plaintiff and each member of the Pennsylvania Class as an "employee" within the meaning of the PMWA.

57. Class Members who possess Pennsylvania state law claims are members of the Pennsylvania Class.

58. The PMWA requires employers like Defendant to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Plaintiff and each member of the Pennsylvania Class are entitled to overtime pay under the PMWA.

59. Defendant had a policy and practice of misclassifying Plaintiff and each member of the Pennsylvania class as independent contractors and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

60. Plaintiff and each member of the Pennsylvania Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

61. Plaintiff and each member of the Pennsylvania Class also seek recovery of attorneys' fees, costs, and expenses of this Action, to be paid by Defendant, as provided by the PMWA.

## VIII. CLASS & COLLECTIVE ACTION ALLEGATIONS

62. Plaintiff incorporates all preceding paragraphs and alleges that the illegal pay practices Defendant imposed on Plaintiff were likewise imposed on members of the FLSA and Pennsylvania Classes.

63. Numerous workers were victimized by Defendant's pattern, practice, and policy of classifying its employees as independent contractors and failing to pay them overtime in violation of the FLSA and PMWA.

64. The members of the FLSA and Pennsylvania Classes are similarly situated to Plaintiff in all relevant respects.

65. The members of the FLSA and Pennsylvania Classes all were classified as independent contractors, were paid a day-rate, regularly worked in excess of 40 hours per week, and were not paid overtime compensation.

66. Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA and the state laws of Pennsylvania result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the members of the FLSA and Pennsylvania Classes.

67. While the precise job duties performed by members of the FLSA and Pennsylvania Classes might vary somewhat, these differences do not matter for the purposes of determining entitlement to overtime. Nor do any differences in job duties matter for determining whether Defendant's failure to pay overtime is legal (it is not).

68. The members of the FLSA and Pennsylvania Classes are all entitled to overtime after 40 hours in a week. Because Defendant uniformly misclassified these workers as independent contractors and denied the FLSA and Pennsylvania Classes overtime for all hours worked over 40 hours in a work week, Plaintiff and the FLSA and Pennsylvania Classes are similarly situated within the meaning of both the FLSA and the PMWA.

69. Defendant employed numerous employees like Plaintiff throughout the United States over the past three (3) years, including in Pennsylvania. The members of the FLSA and Pennsylvania Classes are geographically disbursed, residing and working in multiple states.

70. Because the members of the FLSA and Pennsylvania Classes do not have fixed work locations, these individuals may work in different states across the country in the course of a given year.

71. Numerous employees have been victimized by Defendant's pattern, practice, and policy of failing to pay overtime for all hours worked over 40 which are in willful violation of the FLSA and PMWA.

72. Numerous other employees who worked with Plaintiff have indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by the FLSA and the state wage laws of Pennsylvania.

73. Based on his experiences and tenure with Defendant, Plaintiff is aware that the illegal practices or policies of Defendant that have been imposed on the FLSA and Pennsylvania Classes.

74. Plaintiff's experiences are therefore typical of the experiences of the FLSA and Pennsylvania Classes.

75. Plaintiff has no interests contrary to, or in conflict with, members of the FLSA or Pennsylvania Classes. Like each member of the FLSA Class and the Pennsylvania Class, Plaintiff has an interest in obtaining the unpaid overtime wages owed under the FLSA and the state laws of Pennsylvania.

76. Absent a class or collective action, many members of the FLSA and Pennsylvania Classes likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations of the FLSA and PMWA.

77. Individual litigation would be unduly burdensome to the judicial system.

78. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

79. The questions of law and fact common to each member of the FLSA Class and the Pennsylvania Class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    (a) Whether Defendant employed members of the FLSA and Pennsylvania Classes within the meaning of the applicable state and federal statutes, including the FLSA and PMWA;

  (b)  Whether members of the FLSA and Pennsylvania Classes were improperly classified by Defendant as independent contractors;

  (c)  Whether members of the FLSA and Pennsylvania Classes were improperly classified by Defendant as exempt from overtime compensation;

  (d)  Whether Defendant's decision to classify the members of the FLSA and Pennsylvania Classes as independent contractors was made in good faith;

  (e)  Whether Defendant's decision to not pay time and a half for overtime compensation to the members of the FLSA and Pennsylvania Classes was made in good faith;

  (f)  Whether Defendant's decision to classify the members of the FLSA and Pennsylvania Classes as exempt was made in good faith;

  (g)  Whether Defendant's violation of the FLSA and PMWA was willful; and

  (h)  Whether Defendant's illegal pay practice was applied uniformly across the nation to members of all Classes.

80. Plaintiff's claims are typical of the members of both the FLSA Class and the Pennsylvania Class. Plaintiff and members of the FLSA and Pennsylvania Classes have sustained damages arising out of Defendant's illegal and uniform employment policy.

81. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

82. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

83. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

### IX.  JURY DEMAND

84.  Plaintiff hereby demands a jury.

### X.  RELIEF SOUGHT

85.  WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(a) For an Order certifying the Pennsylvania Class as a class action under FED. R. CIV. P. 23 for the purposes of claims brought under Pennsylvania state law, including the PMWA;

(b) For an Order conditionally certifying this case as a collective action for the purposes of claims brought under the FLSA;

(c) For an Order finding Defendant liable for violations of Pennsylvania state and federal wage laws with respect to Plaintiff and all members of the FLSA and Pennsylvania Classes;

(d) For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages to Plaintiff and all members of the FLSA and Pennsylvania Classes;

(e) For a judgment awarding Plaintiff and all members of the FLSA and Pennsylvania Classes their attorney fees and costs relating to this Action;

(f) For a judgment awarding Plaintiff and all members of the FLSA and Pennsylvania Classes pre- and post-judgment interest at the highest rates allowed by law; and

(g) For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Joshua P. Geist*
    Joshua P. Geist
    PA. I.D. No. 85745
    **GOODRICH & GEIST, P.C.**
    3634 California Ave.
    Pittsburgh, PA 15212
    Tel: (412) 766-1455
    Fax: (412)766-0300
    josh@goodrichandgeist.com

and

Michael A. Josephson
Pennsylvania Bar No. 308410
Texas Bar No. 24014780
(*Pending Pro Hac Vice*)
Lindsay R. Itkin
Texas Bar No. 24068647
(*Pending Pro Hac Vice*)
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
litkin@ mybackwages.com

and

Richard J. (Rex) Burch
Texas Bar No. 24001807
(*Pending Pro Hac Vice*)
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**