# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

## DEFINITIONS

1.     The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

        a.     "Action" means *Daryl Seagraves, individually and on behalf of all similarly situated individuals, v. Range Resources Corporation,* at Civil Action No. 17-01009 pending in the United States District Court for the Western District of Pennsylvania.

        b.     "CAFA Notice" means the notice to be sent by Range to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) ("CAFA"), within ten (10) business days after the submission of this Settlement Agreement to the Court.

        c.     "Class Counsel" means Josephson Dunlap Law Firm, 11 Greenway Plaza, Suite 3050, Houston Texas 77046; Bruckner Burch, P.L.L.C., 8 Greenway Plaza, Suite 1500, Houston, Texas 77046; and Goodrich Geist, P.C., 3634 California Ave, Pittsburgh, PA 15212.

        d.     "Class Period" means the period from August 2, 2014 through the Court's Preliminary Approval Order.

        e.     "Court" means the United States District Court for the Western District of Pennsylvania.

        f.     "Defendant's Counsel" means Buchanan Ingersoll & Rooney P.C.

        g.     "Eligible Class Member" means any Plaintiff, along with Settlement Class Members who do not timely opt out of the Settlement Class. Anyone failing to cash a settlement check within 180 days of receipt shall be deemed an opt-out, and their rights shall not be extinguished by virtue of this Settlement Agreement.

        h.     "Effective Date" means the first business day after the Court's Final Approval Order if there are no objectors, and if there are any objectors, means the first business day after the Court's Final Approval Order is finally affirmed on appeal and/or is no longer subject to appeal or certiorari, and the time for any petition for reargument, appeal, or review, by certiorari or otherwise, has expired (*i.e.*, thirty days from Final Approval as that term is defined below).

        i.     "Fee Award" means the award of attorneys' fees to be paid to Class Counsel for the services they rendered to Plaintiffs and the Settlement Class in the Action.

        j.     "Final Approval" or "Final Approval Order" means the Court's Final Approval Order approving the Settlement and entering judgment.

        k.     "Final Approval Hearing" means the hearing to be held by the Court to consider the final approval of the Settlement.

l.    "Gross Settlement Amount" means the maximum amount that Defendant shall pay in exchange for the release of all Released Claims by Seagraves and the Settlement Class, which is the gross sum of Three Million Nine Hundred Twenty-Five Thousand Dollars ($3,925,000.00), excluding the employer's share of FICA and FUTA payroll taxes. In no event shall the Gross Settlement Amount exceed this sum, plus the employer's share of FICA and FUTA payroll taxes on the amounts paid to Eligible Class Members.

m.    "Net Settlement Amount" means the Gross Settlement Amount less: (i) $5,000.00 for Seagraves for his efforts in bringing and prosecuting this matter and moreover, in exchange for his additional Released Claims executed in favor of Releasees as set forth in Paragraph 12(a), below; (ii) the payment of attorneys' fees to Class Counsel, not to exceed one-third of the Gross Settlement Amount, plus the payment of out-of-pocket costs incurred by Class Counsel, which currently are $13,448.09 and (iii) the Settlement Administrator's costs related to administering this Settlement, which are estimated not to exceed $20,000.00.

n.    "Notice Deadline" means the date thirty (30) days after the Settlement Notices are initially mailed and emailed, if the email address is available, to the Settlement Class. Settlement Class Members shall have until the Notice Deadline to opt-out or object to the Settlement.

o.    "Participating Plaintiff" means individuals who have already submitted an Opt-In Consent Form seeking to join this Action and individuals who cash a settlement check.

p.    "Parties" means Seagraves and Defendant.

q.    "Plaintiff" means Daryl Seagraves.

r.    "Plaintiffs" means Daryl Seagraves and the class of persons he purportedly represents.

s.    "Preliminary Approval" or "Preliminary Approval Order" means the Court's Preliminary Approval Order preliminarily approving the terms and conditions of this Agreement.

t.    "Qualified Settlement Fund" means the account created to hold settlement proceeds.

u.    "Range" means Range Resources Corporation.

v.    "Released Claims" applies to the claims of Eligible Class Members, only for the weeks in which they worked for Range Resources – Appalachia, LLC and means any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees that were or could have been asserted in the Action based on allegations of unpaid wages, overtime compensation, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under the FLSA, Pennsylvania state wage and hour laws, or Pennsylvania state common law claims (including unjust enrichment or quantum meruit), in accordance with the respective Class Periods, in weeks when the individual worked for any Releasee.

*Page 2 of 24*

w.    "Releasee(s)" means Range Resources Corporation, Range Resources – Appalachia, LLC, and their past, present and future parent companies, subsidiaries, corporate affiliates, divisions, agents, employees, owners, members, officers, directors, investors, legal representatives, executors, administrators, general partners, limited partners, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers. Specifically excluded from the Releasee definition are the staffing companies through which Eligible Class Members worked for Range Resources – Appalachia, LLC, including but not limited to Basin Engineering; Bedrock; Benton Consulting, LLC; DMIC Consulting; DTC Energy Group, Inc.; Grace Consulting Services, Inc.; Greene's Energy Group, LLC; Grizzell Consulting, LLC; Ithaca Enterprises; JKP Consulting, LLC; Mel Consulting, LLC; New Tech Global Ventures; Northern Tier Energy Services; Reese Wellsite; SDS Petroleum Consultants; SS Petroleum Consultants.

x.    "Settlement Administrator" means ILYM Group, Inc.

y.    "Settlement Award" means the payment that each Eligible Class Member shall be entitled to receive pursuant to the terms of this Agreement.

z.    "Settlement Class" or "Settlement Class Member" means all 116 persons who appear on Exhibit C.

aa.    "Settlement Notice" means the notice to the Settlement Class substantially in the form as Exhibit A.

bb.    "Settlement Timeline" means Exhibit B, which incorporates the relevant deadlines from this Settlement Agreement in a single exhibit.

## RELEASES

2.    **Release**.  In consideration of the benefits to be received by Seagraves and the Settlement Class under this Settlement, upon the Effective Date:

a.    Seagraves shall be deemed to have released and forever discharged Releasees from any and all Released Claims, and, in addition, shall be deemed to have released Releasees from any and all claims, demands, rules or regulations, or any other causes of action of whatever nature, whether known or unknown, including but not limited to Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; The Genetic Information Nondiscrimination Act of 2008 (GINA); The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan); The Civil Rights Act of 1991; The Immigration Reform and Control Act; The Americans with Disabilities Act of 1990; The Family and Medical Leave Act; The Equal Pay Act; The Sarbanes Oxley Act; The Dodd-Frank Act, The Pennsylvania Human Relations Act; the Pennsylvania Whistleblower Law; or any claim for costs, fees, interest, or other expenses including attorneys' fees incurred in any matter; or any and all claims for bonuses, commissions or any claims for incentive compensation of any type, whether under common law or policy or contract, and any other federal, state or local human rights, civil rights, wage-hour, whistleblower, pension or labor laws, rules and/or regulations, public policy, any and all claims that were asserted or that could have been asserted in the Action, any claim for breach of contract, contract or tort laws, or

any claim arising under common law, such as claims for malicious prosecution, misrepresentation, defamation, false imprisonment, libel, slander, invasion of privacy, negligence, claims based on theories of strict liability or *respondeat superior*, infliction of emotional distress, or otherwise, or any other action or grievance against the Releasees, based upon any conduct occurring through the date of the Notice Deadline; and

        b.     Each Participating Plaintiff shall be deemed to have released and discharged the Releasees from the Released Claims in accordance with the respective Class Periods, in weeks when the individual worked for any Releasee.

        c.     Release Language on Settlement Checks.  The Settlement Administrator shall include the following release language on the back of each settlement check:

> By signing or cashing this check, I affirm my release of Range Resources Corporation, Range Resources – Appalachia, LLC, and all Releasees of all Released Claims as defined in the Settlement Agreement approved by the Court in *Daryl Seagraves, et al., v. Range Resources Corporation*, at Civil Action No. 17-01009 ("Action"). I affirm that I will not sue or assert any of the Released Claims against any Releasee and I consent to opt-in to the Action and becoming a plaintiff in the Action.

## CERTIFICATION, NOTICE, AND SETTLEMENT IMPLEMENTATION

        3.     The Parties agree to the following procedures for obtaining preliminary approval of the Settlement, certifying the Settlement Class, and notifying the Settlement Class of this Settlement:

        a.     Request for Class Certification and Preliminary Approval Order.  By June 8, 2018, Seagraves shall file a Motion for Preliminary Approval of Settlement Agreement, requesting that the Court preliminarily approve the Settlement, certify the Settlement Class pursuant to 29 U.S.C. § 216(b) and the State Law Settlement Class pursuant to FED. R. CIV. P. 23(a) and (b)(3), and set a date for the Final Approval Hearing.

        b.     Notice.  The Settlement Administrator shall be responsible for preparing, printing, mailing, and emailing the Settlement Notice to all Settlement Class Members.

        c.     Within five (5) business days after the Court's preliminary approval of the Settlement, Range shall provide Class Counsel and the Settlement Administrator with an electronic database containing the names, last known addresses, last known telephone numbers, last known email addresses (if any), dates of employment, payroll data, and total number of workweeks that each Settlement Class Member worked for Range Resources – Appalachia, LLC, during the applicable Class Periods.

        d.     In order to provide the best notice practicable, the Settlement Administrator, prior to mailing the Settlement Notice and Claim Form, will run the list of Settlement Class Members through the U.S. Postal Service's National Change of Address database ("NCOA") and perform a skip trace.

       e.      Within five (5) business days after receiving the contact information for the Settlement Class, the Claims Administrator shall mail and email (if email addresses are available) an agreed upon and Court approved Notice to current Settlement Class Members.

       f.      Any Settlement Notice returned to the Settlement Administrator with a forwarding address shall be re-mailed by the Settlement Administrator within three (3) business days following receipt of the returned mail.

4.    **Objections.**  The Settlement Notice shall provide that Settlement Class Members who wish to object to the Settlement must, on or before the Notice Deadline, mail to Class Counsel and Defendant's Counsel a written statement objecting to the Settlement. The statement must be signed personally by the objector, and must include the objector's name, address, telephone number, email address (if applicable), the factual and legal grounds for the objection, and whether the objector intends to appear at the Final Approval Hearing. No Settlement Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through counsel), unless written notice of the Settlement Class Member's intention to appear at the Final Approval Hearing has been filed with the Court and served upon Class Counsel and Defendant's Counsel on or before the Notice Deadline and the Settlement Class Member has not opted out of the Settlement. After receiving a proper objection, Class Counsel may call the objector to discuss the basis for the objection and report the findings of that interview to Defendant's Counsel. The postmark date of mailing to Class Counsel and Defendant's Counsel shall be the exclusive means for determining that an objection is timely mailed to counsel.  Persons who fail to return timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. And, if a timely objection is overruled, the Settlement Class Member shall be included in the settlement and receive his/her pro rata share of the settlement.

5.    **Requests for Exclusion.**  The Settlement Notice shall provide that Settlement Class Members who wish to exclude themselves from the Settlement ("opt out") must mail to the Settlement Administrator a written statement indicating that they do not wish to participate or be bound by the Settlement.  The written request for exclusion must contain the Settlement Class Member's full name, address, telephone number, and email address (if applicable), and must be signed individually by the Class Member.  No opt-out request may be made on behalf of a group. Such written statement must be postmarked by the Notice Deadline.  The Settlement Administrator shall provide copies of any requests for exclusion to the Parties' counsel on a weekly basis. After receiving a proper Request for Exclusion, Class Counsel may call the objector to discuss the basis for the objection and report the findings of that interview to Defendant's Counsel.

6.    **Interim Report by the Settlement Administrator**.  Within five (5) business days after the Notice Deadline, the Settlement Administrator shall provide counsel for the Parties with a declaration setting forth: (a) due diligence and proof of mailing of the Settlement Notice and Claim Form; (b) the total number of Settlement Class Members who were sent the Settlement Notice; and (d) the total number of Settlement Class Members who filed timely requests for exclusion from the Settlement, along with the complete copies of all requests for exclusion, including their postmark dates.

7.    **Final Approval Hearing.**  As part of his anticipated Motion for Preliminary

approval, Seagraves shall request that the Court schedule the Final Approval Hearing to determine final approval of the settlement and to enter a Final Approval Order:

      a.    certifying this Action as an FLSA collective action under 29 U.S.C. § 216(b) and as a class action under FED. R. CIV. P. 23(a) and (b)(3);

      b.    finally approving the Settlement and its terms as a fair, reasonable and adequate settlement of this Action;

      c.    directing that the settlement funds be distributed in accordance with the terms of this Settlement Agreement;

      d.    directing that the Action be dismissed with prejudice and in full and final discharge of any and all Released Claims;

      e.    barring Participating Plaintiffs from prosecuting any of the Released Claims against the Releasees; and

      f.    retaining continuing jurisdiction over this Action for purposes of overseeing all settlement administration matters.

## SETTLEMENT FUNDS AND AWARD CALCULATION

8.    **Gross Settlement Amount**.

      a.    **Deposit**.  Within 15 business days after the entry of the Effective Date, Defendant shall ensure that the Gross Settlement Amount is wired to the Settlement Administrator. Upon receipt by the Settlement Administrator, these funds shall be transferred immediately to a Qualified Settlement Fund satisfying the requirements of Treasury Regulation Section 1.468B-1. The Settlement Administrator shall provide Defendant with a Section 1.468B-1 Relation Back Election that meets the requirements of Regulation Section 1.468B-1(j)(2) within five (5) business days after receipt of the funds.  Defendant shall execute and return this document to the Settlement Administrator which shall be affixed to the initial tax return of the Qualified Settlement Fund in order to establish the start date of the Qualified Settlement Fund.

      b.    **Disbursement by Settlement Administrator**.  All disbursements shall be made from the Qualified Settlement Fund.  The Settlement Administrator shall be the only entity authorized to make withdrawals or payments from the Qualified Settlement Fund.

      c.    **Interest**.  The interest on the funds deposited by Defendant will inure to the benefit of Defendant.

9.    **Payments**.  Subject to the Court's Final Approval Order, the following amounts shall be paid by the Settlement Administrator from the Gross Settlement Amount:

      a.    **Service Awards and Payment for General Release to Seagraves**. Seagraves shall receive Five Thousand Dollars ($5,000.00) from the Qualified Settlement Fund

for his efforts in bringing and prosecuting this matter, and in consideration of his general release set forth above. This payment shall issue along with a Form 1099. This payment shall be made within **20 business days after receiving the funds**.

        b.    **Attorneys' Fees and Costs**.

        (i)    Class Counsel shall receive attorneys' fees in an amount of one-third of the Gross Settlement Amount, which will compensate Class Counsel for all work performed in the Action as of the date of this Settlement Agreement as well as all of the work remaining to be performed, including but not limited to documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining final dismissal of the Action. In addition, Class Counsel shall receive reimbursement of their out-of-pocket costs of $13,448.09. These payments of attorneys' fees and costs shall be made within **20 business days after receiving the funds**.

        (ii)    The attorneys' fees and costs paid by Defendant pursuant to this Agreement shall constitute full satisfaction of Releasees obligations to pay amounts to any person, attorney or law firm for attorneys' fees or costs in this Action on behalf of Seagraves and/or any Settlement Class Member, and shall relieve Releasees from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of Seagraves or any Settlement Class Member.

        (iii)    A Form 1099 shall be provided to Class Counsel for the payments made to Class Counsel. Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to them.

        c.    **Settlement Administration Costs**. Settlement Administration costs are estimated not to exceed $20,000.00 and shall be paid from the Gross Settlement Amount. A copy of the Settlement Administrator's invoice shall be provided to the Court with Seagraves's Motion for Final Approval of Class Action Settlement. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the Settlement.

        d.    **Settlement Awards to Eligible Class Members**. Settlement Awards shall be made to Eligible Class Members as set forth below.

    10.    **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement**. No person shall have any claim against Releasees, Class Counsel, or the Settlement Administrator based on distributions or payments made in accordance with this Settlement Agreement.

## CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS

    11.    **Settlement Award Eligibility**. All Settlement Class Members shall be allocated a Settlement Award from the Net Settlement Amount. The Settlement Administrator shall be responsible for determining eligibility for, and the amount of, the Settlement Awards based on the following formula:

a.    The Settlement Administrator will calculate an award for each Settlement Class Member from the Net Settlement Amount based on the total number of weeks that the respective Settlement Class Member worked for Range Resources – Appalachia, LLC, during the Class Period.

b.    Each week shall equal one settlement share, and the total number of settlement shares for all Settlement Class Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each Settlement Class Member's number of settlement shares to determine the Settlement Class Member's potential Settlement Award.

c.    All Settlement Award determinations shall be based on previously produced data for Settlement Class Members. To the extent that data is not available for any Settlement Class Member, Range shall undergo reasonable efforts to obtain the data and describe those efforts to Class Counsel. If the data is unavailable, the settlement shares may be determined by extrapolation from available data to determine settlement shares for such period.

12.    Fifty percent (50%) of each Settlement Award shall be treated as back wages, and accordingly, on each Settlement Award, the Settlement Administrator shall effectuate federal and applicable state income and employment tax withholding as required by law with respect to 50% of each Settlement Award distributed, and Range shall ensure payment of an employer's share of all required FICA and FUTA taxes on such amounts. Withholding shall be at the 25% supplemental wage tax rate. Tax payments shall be deposited into the Qualified Settlement Fund after the Settlement Awards are mailed, in addition to the Gross Settlement Amount. Amounts withheld will be remitted by the Settlement Administrator from the Qualified Settlement Fund to the appropriate governmental authorities. The remaining 50% of each Settlement Award shall be treated as non-wage penalties and liquidated damages, to be reported on an IRS Form 1099, and shall not be subject to FICA and FUTA withholding taxes.

13.    The Settlement Administrator shall provide counsel with a final report of all proposed Settlement Awards, at least **15 business days after receiving the funds**, before the Settlement Awards are mailed.

14.    The Settlement Administrator shall mail Settlement Awards to Eligible Class Members within **20 business days after receiving the funds** or as soon as reasonably practicable. The Settlement Administrator shall then provide a written certification of such payments to counsel for the Parties.

15.    All Settlement Award checks shall remain valid and negotiable for one hundred and eighty (180) days from the date of their issuance and may thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect.

16.    All funds resulting from uncashed checks shall revert to Defendant, and those Settlement Class Members' claims shall be preserved.

17.    All Settlement Class Members who deposit the Settlement Award shall be considered Participating Plaintiffs and their claims against Range, as discussed in this Settlement Agreement, shall be extinguished.

## MISCELLANEOUS

18.    **No Admission of Liability.** This Settlement Agreement and all related documents are not and shall not be construed as an admission by Releasees of any fault or liability or wrongdoing.

19.    **Range's Legal Fees.** Defendant's legal fees and expenses in this Action shall be borne by Defendant.

20.    **Nullification of the Settlement Agreement.** In the event: (a) the Court does not preliminarily or finally approve the Settlement as provided herein; or (b) the Settlement does not become final for any other reason, this Agreement shall be null and void and the Parties shall be returned to their respective statuses as of the date immediately prior to the execution of this Agreement. If this occurs, the Parties shall proceed in all respects as if the Agreement had not been executed. The entire Gross Settlement Amount (plus any interest) shall be returned to Range Resources - Appalachia, LLC, however, the Parties shall evenly split the Settlement Administrator's costs incurred as of the date the Settlement becomes null and void.

21.    **Inadmissibility of Settlement Agreement.** Except for purposes of settling this Action, or enforcing its terms (including that claims were settled and released), resolving an alleged breach, or for resolution of other tax or legal issues arising from a payment under this Settlement Agreement, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage in this Action or in any other proceeding.

22.    **Public Statement and Confidentiality.** Class Counsel shall keep the terms of this Agreement, along with the Memorandum of Understanding agreed to and executed on or about January 30, 2018, confidential with the exception of the necessary communications with the Court and the Class Counsel's clients in this matter. The Parties agree that until this document becomes public through the Court approved settlement process described herein, it shall remain confidential and not disclosed by counsel or by any Party to this Agreement, except as set forth herein. The Parties further agree that any information, negotiations, data, drafts and/or summaries exchanged between the Parties relating to the negotiation of the Memorandum of Understanding and this Agreement shall remain confidential and shall not be disclosed to the public or to any third party, except as set forth herein. Class Counsel shall not publicize the settlement or otherwise use or disclose the information obtained in connection with this Action (including Releasees' wage and hour practices) for any purpose unrelated to this litigation and settlement. In other words, Class Counsel shall not publicize the settlement through, among other channels or mediums, emails, website, press releases, or press conferences. Notwithstanding the foregoing, Range and Range

Resources – Appalachia, LLC, may disclose terms of this Agreement, along with the Memorandum of Understanding, to the extent required by law, government regulation, or judicial or government order.

23. **Employment of Settlement Class Members.** Plaintiffs and Class Counsel acknowledge and agree that Range Resources – Appalachia, LLC, may meet with Settlement Class Members individually and as a group to discuss, among other things, Range Resources – Appalachia, LLC's future plans to cease utilizing contractors for certain operational needs, and providing certain Settlement Class Members with employment opportunities as a result thereof. Any such employment decisions shall be made by Range Resources – Appalachia, LLC, in its sole discretion.

24. **Covenant Not To Sue.** Eligible Class Members covenant and agree that they will forever forbear from pursuing, asserting or filing any complaint, claim, demand, cause of action, charge, or lawsuit or commence any action of any kind with any local, state, federal or foreign court, agency, tribunal, judicial body or quasi-judicial body, and they will not in any other way make or continue to make any demand or claims or seek a recovery against the Releasees for any of the Released Claims. This provision, however, shall not bar Eligible Class Members, Range or Range Resources – Appalachia, LLC, from bringing a claim to enforce this Agreement, and Eligible Class Members, Range and Range Resources – Appalachia, LLC expressly consent to the continuing jurisdiction of the Court to enforce the items of this Agreement.

25. **Computation of Time.** For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day.

26. **Interim Stay of Proceedings.** The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement.

27. **Amendment or Modification.** This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

28. **Entire Settlement Agreement.** This Agreement constitutes the entire agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect. Each of the Parties acknowledges that they have not relied on any promise, representation or warranty, express or implied, not contained in this Agreement.

29. **Authorization to Enter Into Settlement Agreement.** Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents

required to effectuate the terms of this Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Agreement. In the event that the Parties are unable to reach resolution on the form or content of any document needed to implement this Agreement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Agreement, the Parties shall seek the assistance of the mediator, Carole Katz, or the Court to resolve such disagreement.

30.    **Binding on Successors and Assigns.** This Agreement shall be binding upon, and inure to the benefit of Plaintiff, Defendant, the Settlement Class Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize.

31.    **Counterparts.** This Agreement may be executed in one or more counterparts, including by facsimile or email. All executed counterparts and each of them shall be deemed to be one and the same instrument. All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

32.    **No Signature Required by Eligible Class Members.** Only Seagraves will be required to execute this Settlement Agreement. The Settlement Notice will advise all Eligible Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Eligible Class Member.

33.    **Cooperation and Drafting.** The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

34.    **Governing Law.** All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the Commonwealth of Pennsylvania and the United States of America, where applicable.

35.    **Jurisdiction of the Court.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their counsel submit to the jurisdiction of the Court for this purpose.

IN WITNESS WHEREOF, the Parties and their counsel have executed this Settlement Agreement as follows:

**PLAINTIFF:**

Daryl Seagraves

Date: June 8, 2018

**DEFENDANT:**

By:

Date: ~~April~~ June 15, 2018

# **EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARYL SEAGRAVES, individually and on behalf of all persons similarly situated,** | : | **Civil Action No.: 2:17-cv-01009-MRH** |
| | : | |
| **Plaintiffs,** | : | **Judge Mark R. Hornak** |
| | : | |
| v. | : | |
| | : | |
| **RANGE RESOURCES CORPORATION,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| | : | |
| | : | |
| | : | |

## NOTICE OF
## COLLECTIVE AND CLASS ACTION SETTLEMENT

TO:    [Class Member Name]
         [Address]
         [Address]
         [Last Four Digits of Social Security No.]

### PLEASE READ THIS NOTICE CAREFULLY.

You received this Notice because you already joined this lawsuit as an Opt-In Plaintiff, or because records show that you are a current or former Drilling and/or Completions Consultant on project(s) for Defendant Range Resources Corporation and/or Range Resources – Appalachia, LLC (collectively "Range") who performed work at any time between August 2, 2014 and [date of the Court's preliminary approval order].  Because you fit this definition, **you are entitled to receive money from a Settlement in this case, as described below, in the sum of [Settlement Share].** You are not required to do anything to receive your share of the Settlement.

All questions or inquiries regarding this Notice and the Settlement should be directed to Class Counsel, Andrew Dunlap, at Josephson Dunlap Law Firm, 11 Greenway Plaza, Suite 3050, Houston Texas 77046 and Bruckner Burch, P.L.L.C., 8 Greenway Plaza, Suite 1500, Houston, Texas 77046, Telephone: (713) 352-1100, Email: info@mybackwages.com

| 1. | Why Should You Read This Notice? |
|---|---|

This Notice explains your right to share in the monetary proceeds of this Settlement, exclude yourself ("opt out") of the Settlement, or object to the Settlement. The United States District Court for the Western District of Pennsylvania has preliminarily approved the Settlement as fair and reasonable. The Court will hold a Final Approval Hearing on ＿＿＿＿＿, 2018 at ＿＿＿＿＿, before the Honorable Mark R. Hornak of the United States District Court for the Western District of Pennsylvania, in Courtroom 5A, 700 Grant Street, Pittsburgh, PA 15219.

| 2. | What Is This Case About?  Description of the Action. |
|---|---|

Plaintiff Daryl Seagraves ("Plaintiff" or "Seagraves") alleges that certain oilfield workers who performed work for Range Resources – Appalachia, LLC were not paid the overtime compensation to which they were entitled under the law for work performed as drilling and completions consultants for Range Resources Corporation. On or about August 2, 2017, Plaintiff filed an action against Range Resources Corporation captioned as *Daryl Seagraves, individually and on behalf of all similarly situated individuals, v. Range Resources Corporation,* at Civil Action No. 17-01009 (the "Action"). Plaintiff alleged that he was only paid a day rate, worked overtime, and his employment relationship with Range Resources Corporation was that of an employer-employee relationship. Plaintiff argued that because he acted like an employee of Range Resources Corporation, he was entitled to unpaid overtime compensation.

Range Resources Corporation, along with Range Resources – Appalachia, LLC, deny Plaintiff's claims but have agreed to the Settlement without any admission of wrongdoing.

On ＿＿＿＿＿＿, 2018, the Court preliminarily approved the Settlement as fair and reasonable and authorized that this Notice be sent to you.

| 3. | How Much Can I Expect To Receive? |
|---|---|

Range Resources Corporation has agreed to pay Three Million Nine Hundred Twenty-Five Thousand Dollars ($3,925,000.00) to settle this Lawsuit. Deductions from this amount will be made for attorneys' fees and costs for Class Counsel, settlement administration costs that are estimated not to exceed $20,000.00, and a service award in the amount of $5,000 to Plaintiff for his service to the Settlement Class. After deductions of these amounts, what remains of the Settlement (the "Net Settlement Amount") will be available to pay monetary Settlement Awards to all Settlement Class Members who do not exclude themselves by opting out of the Settlement ("Eligible Class Members").

You share of the settlement has been calculated to be [insert settlement share].

All Settlement Class Members will receive a *pro rata* share of the Net Settlement Amount based on the total number of weeks they worked for Range beginning August 2, 2014 and [date of Preliminary Approval Order].

2

Each week will equal one settlement share. The total number of settlement shares for all Settlement Class Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each Settlement Class Member's number of settlement shares to determine the Settlement Class Member's potential Settlement Award.

The Settlement Administrator will deduct applicable employee payroll taxes and withholdings from the Settlement Awards as set forth in the Settlement Agreement.

If you do not opt-out, do not object, or do nothing, you will receive a Settlement Award. You will have 180 days to cash your check that will be sent to you by the Settlement Administrator. If at the conclusion of the 180-day check void period, there are any uncashed checked, the monies will be returned to Range and those Settlement Class Members that did not cash checks will be deemed to have opted out of the Settlement.

In exchange for cashing your check and obtaining your Settlement Award, each Eligible Class Member has agreed to the following release of claims:

> any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees that were or could have been asserted in the Action based on allegations of unpaid wages, overtime compensation, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under the FLSA, Pennsylvania state wage and hour laws, or Pennsylvania state common law claims (including unjust enrichment or quantum meruit), in accordance with the respective Class Periods, in weeks when the individual worked for any Releasee.

**It is your responsibility to keep a current address on file with the Settlement Administrator to ensure receipt of your monetary Settlement Award. If you fail to keep your address current, you may not receive your Settlement Award.**

| 4. | What Are My Rights? |
|----|--------------------|

- If you are a Settlement Class Member and you do not exclude yourself from the Settlement, then you will receive a payment.

- If you are a member of the Settlement Class and do not wish to be bound by the Settlement, and do not wish to receive a payment, you must submit a written exclusion from the Settlement ("opt-out"), postmarked by [30 DAYS AFTER THE MAILING]. The written request for exclusion must contain your full name, address, telephone number, email address (if applicable) and must be signed individually by you. No opt-out request may be made on behalf of a group. The opt-out request must be sent by mail to the Settlement Administrator at: [INSERT SETTLEMENT ADMIN INFO]. **Any person who requests exclusion (opts out) of the settlement will not be entitled to any Settlement Award and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon**.

3

- If you received this Notice and wish to object to the Settlement, you must submit an objection stating the factual and legal grounds for your objection to the settlement. Your objection must state your full name, address, telephone number, and email address (if applicable), and must be signed by you. Any objection must be mailed to:

Andrew Dunlap
**Josephson Dunlap Law Firm**
11 Greenway Plaza
Suite 3050
Houston Texas 77046

Christian Antkowiak
**BUCHANAN INGERSOLL & ROONEY, P.C.**
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410

If you submit a written objection, you may also, if you wish, appear at the Final Approval Hearing to discuss your objection with the Court and the parties to the Lawsuit. Your written objection must state whether you will attend the Final Approval Hearing, and your written notice of your intention to appear at the Final Approval Hearing must be filed with the Court and served upon Class Counsel and Defendant's Counsel on or before the Notice Deadline. If you wish to object to the Settlement but fail to return your timely written objection in the manner specified above, you shall be deemed to have waived any objection and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. The postmark date of mailing to Class Counsel and Defendants' Counsel shall be the exclusive means for determining that an objection is timely mailed to counsel. If the Court overrules your objection, you will be included in the settlement and receive you share of the Settlement.

| 5. | Can Range Retaliate Against Me for Participating in this Lawsuit? |

No. Your decision as to whether or not to participate in this Settlement will in no way affect your work for Range, whether you are a current or future employee. In fact, Range encourages you to participate in this Settlement to receive your share of the Net Settlement Amount.

| 6. | Who Are the Attorneys Representing Plaintiffs and the Settlement Class? |

Plaintiffs and the Settlement Class are represented by the following attorneys acting as Class Counsel:

Andrew Dunlap
Josephson Dunlap Law Firm
11 Greenway Plaza
Suite 3050
Houston Texas 77046
Phone: 1-888-992-2990
Email: Info@mybackwages.com

Rex Burch
Bruckner Burch, P.L.L.C.
8 Greenway Plaza
Suite 1500
Houston, Texas 77046
Phone: 713-877-8788
Email: frontdesk@brucknerburch.com

4

| 7. | How Will the Attorneys for the Settlement Class Be Paid? |
|---|---|

You do not have to pay the attorneys who represent the Settlement Class. The Settlement Agreement provides that Class Counsel will receive attorneys' fees of up to one-third (1/3) of the gross settlement amount plus their out-of-pocket costs.

| 8. | Additional Information |
|---|---|

**IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS**, you may contact Class Counsel as listed above or the Settlement Administrator at the toll-free telephone number listed or by email listed below. Please refer to the Range Resources Settlement.

Attn: Range Resources Overtime Settlement
[TPA]
Telephone Number: _____
Fax Number: _____
Email Address: _____

This Notice only summarizes the Lawsuit, the Settlement and related matters. For more information, you may inspect the Court files at the Office of the Clerk, United States District Court located 700 Grant Street, Pittsburgh, PA 15219, from 8:30 a.m. to 4:30 p.m., Monday through Friday.

**THIS SETTLEMENT NOTICE IS AUTHORIZED BY UNITED STATES DISTRICT COURT JUDGE MARK R. HORNAK. PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

# **EXHIBIT B**

**Deadlines regarding certification, notice, and settlement implementation:**

       **1.**     **June 8, 2018:** By this date, Seagraves shall file a Motion for Preliminary Approval of Settlement Agreement, requesting that the Court preliminarily approve the Settlement, certify the Settlement Class pursuant to 29 U.S.C. § 216(b) and the State Law Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and set a date for the Final Approval Hearing.

       **2.**     **Within 5 business days after the Court signs the preliminary approval order:** Range shall provide Class Counsel and the Settlement Administrator with an electronic database containing the names, last known addresses, last known telephone numbers, last known email addresses (if any), dates of employment, and total number of workweeks that each Settlement Class Member worked for Range Resources – Appalachia, LLC, during the applicable Class Periods.

       **3.**     **Within 5 business days after receiving the contact information for the Settlement Class:** The Claims Administrator shall mail and email (if email addresses are available) an agreed upon and Court approved Notice to current Settlement Class Members.

       **4.**     **Within 3 business days after the receipt of any returned mail with a forwarding address:** The Settlement Administrator shall re-mail the Notice.

       **5.**     **Within 30 calendar days after the initial mailing and emailing of the Notice:** The Notice Period is deemed closed.

       **6.**     **Within 5 business days after the Notice Deadline:** The Settlement Administrator shall provide counsel for the Parties with a declaration setting forth: (a) due diligence and proof of mailing of the Settlement Notice and Claim Form; (b) the total number of Settlement Class Members who were sent the Settlement Notice; and (d) the total number of Settlement Class Members who filed timely requests for exclusion from the Settlement, along with the complete copies of all requests for exclusion, including their postmark dates.

**Deadlines regarding calculation and distribution of settlement awards:**

       **1.**     **Within 15 business days after the entry of the Effective Date:** Defendant shall ensure that the Gross Settlement Amount is wired to the Settlement Administrator. Upon receipt by the Settlement Administrator, these funds shall be transferred immediately to a Qualified Settlement Fund satisfying the requirements of Treasury Regulation Section 1.468B-1.

       **2.**     **Within 5 business days of receipt of the funds:** The Settlement Administrator shall provide Defendant with a Section 1.468B-1 Relation Back Election that meets the requirements of Regulation Section 1.468B-1(j)(2). Defendant shall execute and return this document to the Settlement Administrator which shall be affixed to the initial tax return of the Qualified Settlement Fund in order to establish the start date of the Qualified Settlement Fund.

         **3.**      **Within 15 business days after receiving the funds:** The Settlement Administrator shall provide counsel with a final report of all proposed Settlement Awards.

         **4.**      **Within 20 business days after receiving the funds:** The Settlement Administrator shall mail the Settlement Awards to the Eligible Class Members, the $5,000.00 enhancement award to Seagraves, and the Attorney Fees and Costs to Class Counsel.

         **5.**      **No sooner than 180 calendar days after issuance of the Settlement Award Checks:** The Settlement Award Checks will expire.

# **EXHIBIT C**

| Last name | First name |
|---|---|
| Alsip | Brian |
| Arnold | Jess |
| Arthus | Craig |
| Avila | Daniel |
| Bacon | Danny |
| Baker | James |
| Baker | Jeff |
| Bartz | Robert |
| Belcher | Bob |
| Bell | Andrew |
| Bence | Jason |
| Bennett | Zachary |
| Benton | Jake |
| Bowles | Toby |
| Boutwell | Brian |
| Braddy | Wendell |
| Bradshaw | Bart |
| Bradshaw | Steven |
| Braneff | Larry |
| Brewer | Cody |
| Brogdin | Travis |
| Buchheit | Greg |
| Bugbee | Barry |
| Cantwell | Larry |
| Coggins | Von |
| Conaster | Keith |
| Cox | Carl |

8

| | |
|---|---|
| Craker | Kyle |
| Cree | Terry |
| Davenport | Adam |
| Ducote | Chad |
| Fountain | John |
| Frey | Andy |
| Garcia | Pablo |
| Gillette | Gary |
| Gonzalez | Sammy |
| Grizzell | Dave |
| Hamlett | Daniel |
| Harlow | Larry |
| Hilton | Arthur |
| Hollowell | Greg |
| Hoover | Scott |
| Hoskovec | Brian |
| Howard | Ally |
| Howell | Doug |
| Hughes | Gregory |
| Ignatyev | Nick |
| Jackson | Robert |
| James | Christopher |
| James | Zac |
| Jeane | Richard |
| Johnson | Nathan |
| Johnson | Robert |
| Kettles | kane |
| Knight | Chris |
| Knight | Matthew |
| Kollker | Colin |
| Krasa | Zack |
| Langston | Mike |
| Lee | Ray |

9

| | |
|---|---|
| Litster | Randy |
| Matte | Donnie |
| May | Mark |
| Merry | Mike |
| Messenger | Rick |
| Miller | Pete |
| Miller | Edward |
| Mills | Dustin |
| Mitchell | Lee |
| Morgan | Willie |
| Neal | Edwin |
| Offerman | Louis |
| Olmstead | Eric |
| Orr | Russell |
| Orton | Beau |
| Palmer | Nathan |
| Payton | Michael |
| Peiffley | William |
| Pogue | Kelly |
| Prejean | Gerald |
| Ramsey | Charles |
| Ratley | Jamie |
| Renzi | Richard |
| Rose | Daniel |
| Rouzee | Cody |
| Rudd | Kevin |
| Rudd | Mike |
| Schroeder | Jesse |
| Seagraves | Daryl |
| Shelton | Jeff |
| Simmons | Cary |
| Simmons | Dan |
| Simons | Russell |

| | |
|---|---|
| Smith | Todd |
| Smith | Warren |
| Sorg | Andrew |
| Standifer | Jesse |
| Stapp | Franklin |
| Strong | Willard |
| Swearingin | Brian |
| Sweatt | Marion (sam) |
| Sweedler | Chris |
| Tedford | Charles |
| Troup | Tim |
| Tucker | Darrel |
| Tuller | Coby |
| Vanata | Jeff |
| Waldon | Bobby |
| Waller | Lee |
| Weir | Bruce |
| Wigington | Kenneth |
| Wiley | Wade |
| Williams | Brian |
| Wright | Doug |
| Wyatt | Scott |
| Yost | Ryan |